Argued September 9; affirmed December 6, 1932; rehearing
denied January 17, 1933

# GENERAL PETROLEUM CORPORATION OF CALIFORNIA *v.* SCHEFTER ET UX.

(16 P. (2d) 645)

*Leroy Lomax,* of Portland, for appellants.
*Robert R. Rankin,* of Portland, for respondent.

RAND, J. On November 7, 1928, the Progressive Investment Company leased certain real property in the city of Portland to Conser and Fuller, co-partners, for the period of ten years. That lease as executed contained a provision that all buildings and improvements then or thereafter to be erected on said premises shall become a part of the realty and be held as additional security for the faithful performance by the lessees of the covenants and conditions of the lease. Subsequently, however, and on November 20, 1928, that provision was modified by another written contract entered into between the same parties which authorized and empowered said lessees to lease a part of said premises to the General Petroleum Corporation of California, the plaintiff herein, and to provide in said lease that in the event plaintiff should erect or place any buildings or other improvements on the premises leased by it, it should have the right to remove the same "at the termination of its said agreement." Pursuant to said power, and on December 1, 1928, Conser and Fuller executed a lease to plaintiff which, among other things, stipulated that, so long as the plaintiff lessee should not be in arrears in the payment of rentals and not in default of any of the terms and conditions of its lease, it "shall have the right to remove any and all the equipment or improvements placed by it upon the demised premises, whether af-

fixed to the soil or otherwise.'' Thereafter and on December 11, 1928, the Progressive Investment Company sold and conveyed all said premises to the defendants and at the same time by another instrument in writing assigned over to defendants its rights and interests under its contract of lease with Conser and Fuller, and shortly thereafter this plaintiff erected a small filling station on that part of said premises leased by it from Conser and Fuller and about one year thereafter, upon the termination of its contract, it attempted to remove the same but was prevented from so doing by defendants and thereupon it brought this action against the defendants for the conversion of said equipment and improvements so placed by it upon said leased premises.

None of said agreements were placed of record prior to the execution of said deed and, in their answer, the defendants admit that at the time they purchased the property from their said grantor they had knowledge of the terms of the lease given by their grantor to Conser and Fuller on November 7, 1928, but they allege that they had no knowledge or notice of any subsequent agreement having been entered into by their grantor with Conser and Fuller under which plaintiff was to have the right to remove any structures or equipment to be later erected upon the land.

The cause was tried to the court without a jury, and the court found that defendants at the time they acquired the property had knowledge and notice of plaintiff's right upon the expiration of its lease to remove the buildings and improvements placed by it on the leased premises during the term of its lease, and entered a judgment in favor of plaintiff for the value of the converted property. Upon this appeal, defend-

ants contend that there was no evidence to sustain such finding and this is the principal question we are called upon to decide.

██ Ordinarily, structures and improvements such as those involved here belong to the owner of the land on which they stand as a part of the realty. It is only by virtue of some agreement of the owner of the land that such structures can be held by another party as personal property with the right of removal. If erected wrongfully or voluntarily without such agreement they become the property of the owner of the soil. But when erected by a tenant for purposes of trade and business, the agreement for separate ownership and right to remove may be implied from the circumstances of the case and the relation of the parties: *Howard v. Fessenden,* 96 Mass. 124; *Blake-McFall Co. v. Wilson,* 98 Or. 626 (193 P. 902, 14 A. L. R. 1275).

█ In the case at bar it is not necessary to imply any agreement as the rights of the original parties to the transaction were fixed by an express agreement which is binding upon the defendants if they had either actual or constructive notice of such an agreement having been entered into at the time they acquired title to the property.

█ Under our statute a finding of fact of a trial court in a law action tried by the court without a jury is deemed a verdict, and cannot be set aside upon appeal if there is any substantial evidence to support it. By force of this statute, where the evidence is conflicting, the credibility of the witnesses and the weight and effect to be given to their testimony is a question for the trial judge and his findings thereon cannot be disturbed if there is sufficient evidence to warrant the findings.

Mr. H. C. Conser, one of the partners, testified that before the improvements were placed on the property they had been requested by plaintiff to get a written permission from Mr. Schefter to remove the buildings and equipment at any time they might see fit. He says he went to see Mr. Schefter himself and asked him about it, and he said at that time that Mr. Schefter did not see any reason why it would be necessary for him to give them permission to remove these buildings when they already had it under their present lease.

Mr. W. W. Wagner, district manager of the plaintiff corporation, testified that he asked Schefter to sign his consent to the placing of these improvements on the property, "and as I recall the conversation, he said he was thoroughly familiar with all the foregoing transactions as far as the lease between the Progressive Investment Company and Conser and Fuller, that he had accepted it, and the removal agreement that we had with the Progressive Investment Company, and substantially the giving of another agreement of this kind was superfluous and he didn't see why it was necessary."

Mr. H. C. Hefferman testified that he went with Wagner to get Schefter's consent to the removal of the buildings and equipment; that Mr. Schefter wouldn't sign the agreement and said he did not think it was necessary for the reason that they already had that consent from the previous owner and that he was familiar with that and that he just would not sign.

■ The evidence above referred to amply supports the finding that the defendants did have knowledge of plaintiff's rights at the time they acquired title to the property.

■ At the trial plaintiff offered in evidence the original agreement entered into by defendants' grantor with Conser and Fuller on November 20, 1928, and also the lease executed by Conser and Fuller and plaintiff on December 1, 1928, and these instruments were received in evidence over defendants' objection. Their introduction is assigned as error. These instruments were the written evidence of transactions under which plaintiff derived its right and were admissible for the purpose of proving plaintiff's title.

■ Defendants also contend that plaintiff's right to remove the building and equipment terminated at the expiration of its lease and could not be exercised thereafter under the general rule that ordinarily a tenant must remove his fixtures within the term. That rule had no application here for the reason that the lease under which plaintiff was holding stipulated that they could be removed upon the termination of the agreement, and there was no allegation in the pleadings nor suggestion made in the proof that plaintiff had not paid the stipulated rent or was in default upon any term or condition of its contract. Hence, under the authority conferred by the contract itself, plaintiff was entitled to remove the fixtures after the expiration of the term.

Other assignments of error are alleged but they were not argued in defendants' printed brief nor upon the argument here and are deemed waived but notwithstanding that they have been considered and found to be without merit.

The judgment will, therefore, be affirmed, and it is so ordered.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.