Argued February 21; affirmed April 18, 1933

# LAKE *v.* PATTY

(20 P. (2d) 1078)

*M. B. Meacham,* of Portland, for appellant.

No appearance for respondent.

ROSSMAN, J.  The complaint avers that the plaintiff was employed by the defendant in July of 1928 to secure options upon the shares of the capital stock of three Oregon banking corporations, one of which was located at Gardiner, and the other two in the city of Eugene; that as compensation for his services the defendant promised to pay him a commission of 5 per cent of the option price in the event the options were exercised; that the plaintiff secured the options; that he assigned them to the defendant; that they were

exercised; and that 5 per cent of the sums paid for the stock amounted to $12,225, for which he seeks judgment. The answer admits that the defendant employed the plaintiff to obtain an option upon the shares of the capital stock of the Gardiner bank, that the plaintiff accepted the employment, obtained an option and assigned it to the defendant, but denies all allegations concerning the Eugene banks. Further answering, it alleges that when the plaintiff was employed to secure an option upon the shares of stock of the Gardiner bank the parties agreed that he should be paid for his services a reasonable sum; that after the option had been exercised the defendant paid the plaintiff $1,000 which he accepted as full compensation for his service; that the parties agreed that if the plaintiff secured an option upon the shares of stock of the two Eugene banks at a price satisfactory to the Pacific Bancorporation, and if the latter exercised the option, the defendant would pay the plaintiff $1,500 as compensation for his services; that the plaintiff secured the desired option; that it was assigned to the Pacific Bancorporation which purchased the stock; that later the plaintiff and the defendant agreed that $1,500 constituted full compensation for his services; and that subsequently the defendant paid the plaintiff $1,071.35 on account As counterclaims the answer alleges (1) that the defendant, at the plaintiff's request, expended $171.65 for him which the plaintiff has failed to repay; (2) that the plaintiff is indebted to the defendant upon one of the plaintiff's promissory notes to the extent of $200; and (3) upon another of his notes in the sum of $500. The reply admitted that these items of indebtedness were, in part, due from the plaintiff to the defendant, but averred that the

parties had agreed that they should be charged against the sums due from the defendant to the plaintiff.

The cause was tried without a jury, resulting in the entry of findings that before the plaintiff secured the aforementioned options the defendant promised to compensate him therefor in a sum equal to 5 per cent of the option price; that the defendant paid the plaintiff $1,331.35 on account; and that the last two of the items plead as counterclaims were due to the defendant, together with a part of the first. Judgment was entered in the plaintiff's favor in the sum of $10,007.35. The defendant appealed and presents four assignments of error. He contends (1) that the evidence does not sustain the circuit court's findings that the parties agreed that the plaintiff should be paid a commission equal to 5 per cent of the price paid for the bank stock; (2) that the evidence does not sustain the finding that the defendant paid the plaintiff only $250 on account of the commissions earned by him in securing an option upon the stock of the Gardiner bank; (3) that the court erred in failing to find that the parties agreed that the plaintiff should receive as compensation for his services in obtaining an option upon the stock of the Gardiner bank a reasonable sum and $1,500 for his services in obtaining an option upon the stock of the two Eugene banks; and (4) that the court erred in finding that nothing was paid to the plaintiff for his services in securing an option upon the stock of the Eugene banks.

It will be observed that the above assignments of error submit only issues of fact. We have read the transcript of testimony with care and find no occasion for setting forth herein an extended review of it. The testimony indicates that the defendant came into our

state for the purpose of dealing in the securities of a corporation engaged in the business of owning stocks of country banks, and that shortly after his arrival he employed the plaintiff to secure options upon the controlling interest in the Gardiner bank and two of Eugene's banks. The only substantial issue presented by the record concerns the compensation which the defendant promised to pay the plaintiff and the amount which was paid.

■ While the evidence concerning the amount of compensation which the defendant promised to the plaintiff is not extensive, yet the plaintiff's testimony mentioned the subject twice. Upon the first occasion he testified that before he undertook this employment the defendant informed him that while he was engaged in similar employment in California his employer had paid him 5 per cent of the option price whenever an option obtained by him was exercised. He testified that the defendant then added (referring to banks upon which he would seek options): "You won't get all of them, near all of them, but when you do, you make a nice thing". He testified that the compensation thus offered was satisfactory to himself. In another part of his testimony he swore that before he acquired any of the options and while the defendant was endeavoring to spur him on by suggesting a possible bonus to be paid by the president of the Pacific Bancorporation, he (the plaintiff) replied, "Well, we are going to acquire a number of banks. I am perfectly satisfied at 5 per cent". Apparently the defendant made no reply, and, as a witness, did not attempt to contradict this last-mentioned item of testimony. The testimony of the president of the Bancorporation indicates that when the defendant calcu-

lated the amount he owed the plaintiff he arrived at a figure approximately the same as 5 per cent of the option price.

■ We have many times pointed out that in a law action a finding cannot be disturbed if it is supported by competent, substantial evidence. A late pronouncement of this principle is in *General Petroleum Corp. v. Schefter,* 141 Or. 349 (16 P. (2d) 645). We believe that the finding of the circuit court that the defendant promised to pay the plaintiff 5 per cent of the option price is supported by competent, substantial evidence.

The defendant argues that the record contains an undisputed admission of the plaintiff that $2,500 was the amount due him for his services. According to the plaintiff, he many times urged the defendant to pay his account, and finally offered to accept $2,500 as payment in full on condition that the amount be paid at once, and that the defendant accept the plaintiff into his employ at a salary of $5,000 per year. Neither of these two conditions was performed by the defendant. The plaintiff also admitted that after this action had been instituted he delivered a memorandum to one Morey offering to accept $2,500 as payment in full for his account if the defendant would pay the costs of this action, together with a reasonable fee to the plaintiff's attorney. Morey was a business associate of the defendant who had expressed to the plaintiff a belief that if the plaintiff made a compromise offer he would be able to obtain a settlement. Section 7-202, Oregon Code 1930, provides: "Admissions of particular facts, made in negotiation for compromise, may be proved, unless otherwise specially agreed at the time". But the plaintiff's declarations of a willingness to accept $2,500 were not unqualified. They were

conditioned upon prompt payment and a performance by the defendant of the other stipulations attached to them.

We shall not review the evidence further. In our opinion the findings of the circuit court are sustained by competent, substantial evidence and warrant the judgment entered in the plaintiff's favor.

It follows from the preceding that the judgment of the circuit court is affirmed.

RAND, C. J., BELT and KELLY, JJ., concur.